STATE OF WEST VIRGINIA

FILED

April 8, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JEREMIAH J. HARLESS,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1154** (BOR Appeal No. 2047063)
                              (Claim No. 2011004363)

**INR-WV OPERATING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeremiah J. Harless, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. INR-WV Operating, LLC, by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 31, 2012, in which the Board reversed a March 6, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's May 3, 2011, decision closing the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Harless worked for INR-WV Operating, LLC as a mechanic. On July 29, 2010, Mr. Harless injured his right knee when he stepped down off a piece of heavy equipment. The initial x-rays of his knee showed no definite acute traumatic bony changes. The claims administrator held the claim compensable for a sprain of the right knee. An MRI scan was then performed on Mr. Harless's knee, which showed osteochondral changes of the medial femoral condyle with mild degenerative changes between the femur and tibia at the medial compartment. Mr. Harless

came under the care of Stanley S. Tao, M.D., who diagnosed him with osteoarthritis and a sprain of the knee. Dr. Tao then performed a right knee arthroscopy. Following the procedure, Patrick Ellis performed a function capacity evaluation on Mr. Harless. Mr. Ellis determined that Mr. Harless functioned at a medium to heavy physical demand level and was able to return to his pre-injury employment. Dr. Tao, however, found that Mr. Harless was still temporarily and totally disabled from April 19, 2011, through July 12, 2011. Jerry Scott, M.D., then performed an independent medical evaluation of Mr. Harless and found that he had reached his maximum degree of medical improvement. Dr. Scott determined that the majority of Mr. Harless's pathology was degenerative in nature. Dr. Scott also believed that any additional medication or surgery would likely be related to his degenerative disease. On May 3, 2011, the claims administrator closed the claim for temporary total disability benefits. On March 6, 2012, the Office of Judges reversed the claims administrator's decision and ordered that the claim be reopened for temporary total disability benefits. The Office of Judges granted Mr. Harless temporary total disability benefits as substantiated by appropriate medical evidence. The Board of Review then reversed the Order of the Office of Judges and reinstated the claims administrator's decision, leading Mr. Harless to appeal.

The Office of Judges concluded that Mr. Harless was entitled to temporary total disability benefits as substantiated by appropriate medical evidence. The Office of Judges further concluded that the claims administrator's closure of the claim for temporary total disability benefits was premature. The Office of Judges found that it had previously authorized Mr. Harless's right knee arthroplasty as reasonable medical treatment. The Office of Judges found that this authorization would necessarily involve some temporary and total disability for which Mr. Harless would be entitled to benefits.

The Board of Review then reversed the Order of the Office of Judges and reinstated the claims administrator's decision. The Board of Review concluded that the Office of Judges was clearly wrong. The Board of Review found that it had reversed the Office of Judges' Order authorizing the surgery in a separate decision. The Board of Review found that the claims administrator had properly closed the claim for temporary total disability benefits because Mr. Harless had reached his maximum degree of medical improvement.

The decision of the Board of Review was the result of a misstatement of the evidentiary record. The only justification the Board of Review provided for reversing the Order of the Office of Judges is that the right knee arthroplasty was not related to the compensable injury. But the evidence in the record shows that the right knee surgery was medically related and reasonably required to treat Mr. Harless's compensable knee strain. Mr. Harless has presented sufficient evidence that he has experienced some temporary and total disability related to this surgery. The evidence shows that Mr. Harless is entitled to temporary total disability benefits as substantiated by appropriate medical evidence while he recovered from the surgery.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instruction to reinstate the March 6, 2012, Order of the Office of Judges.

Reversed and Remanded.

**ISSUED:   April 8, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II